BEAR REPUBLIC LAW, A.P.C.
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Tel. (949) 586-2235

Stanton T. Mathews State Bar No. 99058
Andrew J. Nissen State Bar No. 284313

Attorneys for Plaintiff, JAMES TREADAWAY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

JAMES TREADAWAY,

Plaintiff,

v.

COUNTY OF ORANGE, and DOES 1 through 50, inclusive,

Defendants.

Case No. 8:25-cv-01103-JWH (SSx)

**FIRST AMENDED COMPLAINT FOR DAMAGES:**

1. **RETALIATION IN VIOLATION OF LABOR CODE § 1102.5**
2. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

JURY TRIAL DEMANDED

Plaintiff James Treadaway alleges as follows:

**INTRODUCTION**

1. This is a California state law employment retaliation and tort case. Plaintiff James Treadaway was a long-serving, decorated public servant who raised concerns about safety violations, public corruption, and misuse of taxpayer funds within the County

of Orange. After years of positive performance and commendations, he was abruptly and unlawfully terminated.

2. Plaintiff alleges that his termination was a direct result of his protected activity under California Labor Code § 1102.5 and that the County's conduct, including staging a surprise termination meeting, falsely characterizing his departure as voluntary, and attempting to silence his reporting of wrongdoing, constituted extreme and outrageous conduct.

3. Plaintiff asserts state law claims. No federal question is raised in this pleading. Plaintiff expressly reserves the right to assert any federal claims in a separate proceeding or forum, if necessary.

**PARTIES**

4. Plaintiff James Treadaway is an individual residing in the County of Orange, state of California.

5. Defendant County of Orange ("Defendant" or "County") is a public entity organized under the laws of the State of California and was Plaintiff's employer at all relevant times.

6. Plaintiff is ignorant of the true names and capacities of DOES 1 through 50 and therefore sues these defendants by fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged.

**JURISDICTION AND VENUE**

7. Jurisdiction is proper in this Court under California law. No federal claim is asserted.

8. Venue is currently proper in the United States District Court for the Central District of California, Southern Division, because the events giving rise to the claims occurred within this district. However, with this First Amended Complaint asserting only state law claims, Plaintiff intends to move for remand to Orange County Superior Court as the appropriate forum.

**FACTUAL ALLEGATIONS**

9. Plaintiff was employed by the County of Orange from May 2016 through September 26, 2024. At the time of his termination, he served as the Director of Public Works.

10. Plaintiff's tenure was marked by consistent advancement, multiple internal promotions, positive reviews, and formal recognition of his service.

11. In the course and scope of his duties, Plaintiff reported and objected to multiple instances of what he reasonably believed to be unlawful conduct, including the misuse of public funds, dangerous and unlawful conditions at John Wayne Airport, and failures to comply with safety and ADA obligations.

12. Plaintiff also reported and opposed pressure to expedite permit or inspection processes to benefit private individuals or internal officials.

13. Plaintiff cooperated with an active Orange County Grand Jury investigation into systemic failures and misconduct within County government, including his own department and related departments.

14. In retaliation for his protected activity, Plaintiff was subjected to escalating internal resistance, marginalization, vague allegations of hostile conduct, and ultimately a pretextual termination.

15. On September 26, 2024, Plaintiff was summoned to a closed-door meeting and presented with termination documents falsely characterizing his separation as voluntary. He was pressured to sign, threatened with reputational harm if he refused, and then immediately terminated when he declined.
16. Following his termination, County officials failed to provide any documentation substantiating claims of misconduct or cause, and instead attempted to misrepresent the nature of his departure to internal staff and external stakeholders.
17. The retaliatory actions caused Plaintiff to suffer economic harm, reputational damage, and emotional distress.

**FIRST CAUSE OF ACTION**

**Retaliation in Violation of Labor Code § 1102.5**

18. Plaintiff incorporates by reference paragraphs 1 through 17 as though fully set forth herein.
19. At all relevant times, Plaintiff was an employee protected by California Labor Code § 1102.5.
20. Plaintiff engaged in protected activity by disclosing and objecting to conduct he reasonably believed violated state or federal law, including misuse of public funds, safety violations, and noncompliance with public regulations.
21. Defendant knew of Plaintiff's protected activities and, in direct retaliation, terminated his employment.
22. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including lost wages, emotional distress, reputational harm, and other consequential damages.

23. Pursuant to Labor Code § 1102.5(f), Plaintiff is entitled to civil penalties, attorneys' fees, and costs. Plaintiff also expressly reserves the right to pursue federal constitutional claims in the future but does not assert them here.

**SECOND CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

24. Plaintiff incorporates by reference paragraphs 1 through 23 as though fully set forth herein.

25. Defendant, through its employees and agents, engaged in extreme and outrageous conduct with the intent to cause, or with reckless disregard for the probability of causing, Plaintiff severe emotional distress.

26. This conduct included, but is not limited to: pressuring Plaintiff to falsely characterize his separation as voluntary; threatening reputational harm; initiating vague and unsubstantiated claims of hostile conduct; misrepresenting his departure to others; and retaliating against him for whistleblowing and Grand Jury cooperation.

27. Defendant's actions were not a normal part of the employment relationship and exceeded the bounds of acceptable employer behavior.

28. As a direct and proximate result, Plaintiff suffered severe emotional distress, including anxiety, fear, shame, and damage to his professional standing.

29. Pursuant to Government Code § 815.2, the County of Orange is vicariously liable for the tortious acts of its employees committed within the scope of employment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages, including back pay, front pay, and loss of benefits;

2. For general damages for emotional distress;
3. For civil penalties under Labor Code § 1102.5;
4. For attorneys' fees and costs of suit;
5. For interest as allowed by law;
6. For any further relief the Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury on all causes of action so triable.

DATED: July 16, 2025

Respectfully submitted,

Andrew J. Nissen
Attorney for Plaintiff James Treadaway